UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GOOSEHEAD INSURANCE AGENCY, LLC | CIVIL ACTION |
| VERSUS | NO: 24-2146 |
| BEN R. GUILLORY, JR., ET AL. | SECTION: "A" (2) |

## ORDER

The following motion is before the Court: **Rule 12 Motion to Dismiss (Rec. Doc. 39)** filed by defendant, Ben R. Guillory, Sr. The plaintiff, Goosehead Insurance Agency, LLC, opposes the motion. The motion, submitted for consideration on April 16, 2025, is before the Court on the briefs without oral argument.

Goosehead is a home, automobile, life, commercial, specialty, personal lines, and business insurance broker. Goosehead operates a franchise model and awards franchise rights to third-party franchisees to develop and operate their own independent Goosehead insurance businesses within the Goosehead franchise system. Franchisees provide insurance services to clients and procure insurance policies and plans through Goosehead's proprietary service systems, available only to Goosehead franchisees.

Goosehead's complaint arises out of its contractual relationship with defendants Ben R. Guillory, Jr. and Trenise S. Pittman, two insurance agents who formerly operated a Goosehead franchise. Goosehead maintains that Guillory, Jr. and Pittman operated a competing insurance business in violation of the franchise agreement, and tried to transfer Goosehead customers to their competing agency while working for Goosehead.

The movant, Ben R. Guillory, Sr., was not a Goosehead franchisee and had no

1

business relationship with Goosehead. Guillory, Sr., who is affiliated with State Farm, shared office space and staff with Guillory, Jr. (his son) and Pittman. Goosehead sued Guillory, Sr. contending that he knew about Guillory, Jr. and Pittman's alleged misconduct and helped them engage in it.

Guillory, Sr. moves to dismiss the claims against him—breach of contract, fraud, and the claims brought pursuant to the Defend Trade Secrets Act (DTSA) and the Louisiana Uniform Trade Secrets Act (LUTSA)—arguing that Goosehead's complaint fails to allege any facts supporting these claims, which are based wholly on speculation and "liability by association."

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly,* 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

Guillory, Sr. is undisputedly correct as to the breach of contract and fraud claims. Goosehead's "facts" as to Guillory, Sr. are that he shared office space and some staff with Guillory, Jr. and Pittman. Guillory, Sr. had no contract with Goosehead. And Goosehead's complaint falls woefully short of the factual detail and particularity required to plead a claim for fraud. The breach of contract and fraud claims must be dismissed.

As to the claims under the DTSA and the LUTSA, both have the required element that the defendant actually misappropriated a trade secret. *See* 18 U.S.C. § 1836(b)(1); La. R.S. § 1433. But Goosehead fails to allege any facts suggesting that Guillory, Sr. misappropriated anything. Goosehead's entire complaint as to Guillory, Sr. is based on speculation.

Goosehead contends that Guillory, Sr. knew about the alleged misconduct of Guillory, Jr. and Pittman and helped them engage in it. This allegation is based solely on an email that Guillory, Sr. sent to Guillory, Jr. and Pittman advising them that he had received an email having to do with their business and that they must have that corrected immediately because he should never receive an email regarding Goosehead. (Rec. Doc. 1-22, Exhibit 15). This email does not plausibly allow for the inference that Guillory, Sr. misappropriated anything or engaged in any kind of wrongdoing.

3

Goosehead requests leave to amend its already 306-page complaint should the Court find merit to Guillory, Sr.'s arguments, and points out that the parties continue to work toward a potential resolution. Goosehead is free to move to amend its complaint if it possesses <u>facts</u> to support its accusations against Guillory, Sr. (facts that it somehow left out of its already voluminous complaint and somehow held back after receiving Guillory, Sr.'s motion to dismiss, which was filed nearly four months ago). But based on the allegations to date, Goosehead states no claim for relief against Guillory, Sr. under any of its legal theories.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 39)** filed by Ben R. Guillory, Sr. is **GRANTED**. The original complaint is dismissed as to defendant Ben R. Guillory, Sr.

April 16, 2025

_____
Judge Jay C. Zainey
United States District Court