UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GOOSEHEAD INSURANCE AGENCY, LLC | * | CIVIL ACTION |
| | * | NO. 24-2146 |
| VERSUS | | |
| | * | SECTION "A" (2) |
| BEN R. GUILLORY, JR., ET AL. | | |

**ORDER AND REASONS**

Pending before me is Plaintiff Goosehead Insurance Agency, LLC's *Ex Parte*/Consent Motion to Withdraw Exhibits and Replace Under Partial Seal. ECF No. 76.

Movant previously sought to file exhibits 1–5 and 8–12 to its Opposition Memorandum under seal on the basis that the exhibits include documents or information marked confidential during discovery, such as non-party customer names and identifying information. ECF No. 70. On April 23, 2025, this Court denied the request to seal the entire exhibits. ECF No. 74. Movant has now provided a redacted version of the exhibits for filing in the public record, along with the unredacted version for filing under seal. ECF Nos. 76-1, 76-2. In accordance with Local Rule 5.6(d), movant also seeks to withdraw the previously filed exhibits and substitute the redacted version for public filing along with an unredacted version for filing under seal.

There is a presumption in favor of access to judicial records,[1] and the standard for placing a document under seal is different from that governing whether unfiled discovery should be kept confidential.[2] "To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure:"[3]

---

[1] *8fig, Inc. v. Stepup Funny, L.L.C.*, No. 23-50890, 2025 WL 1144570, at *4 (5th Cir. Apr. 18, 2025)
[2] *Bin Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021).
[3] *June Medical Services, L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) (cleaned up).

> Sealings must be explained at "a level of detail that will allow for this Court's review." And a court abuses its discretion if it "ma[kes] no mention of the presumption in favor of the public's access to judicial records" and fails to "articulate any reasons that would support sealing."[4]

Before sealing a document, the court must thus assess governing case law and determine that sealing is necessary, providing detailed, clear, and specific findings that generally articulate the reasons to support the decision with sufficient specificity to allow for appellate review.[5]

While there is a presumption of public access to judicial records, courts have recognized that this access is not absolute.[6] In certain cases, litigants may have good reasons to file documents under seal.[7] For instance, courts have found compelling interests in secrecy when a case involves a minor, protected banking or financial information, trade secrets, and national security matters.[8] Courts also recognize the strong interest in keeping personal financial records from public view, particularly when the information is that of a non-party individual.[9] Inspection of court records may not be used "to gratify private spite or promote public scandal" or to "serve as reservoirs of libelous statements for press consumption."[10]

Having reviewed the proposed redacted exhibits (ECF No. 76-1), the Court determines that redacting non-party customer identifying information from the public record and filing the

---

[4] *Binh Hoa*, 990 F.3d at 419 (citation omitted).
[5] *United States v. Ahsani*, 76 F.4th 441, 452 (5th Cir. 2023) (citations omitted).
[6] *See, e.g.*, *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)); *North Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 203–04 (5th Cir. 2015) (recognizing that a court may seal documents that contain confidential business information) (citations omitted); *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4897905, at *9 (E.D. La. Jan. 8, 2020) (noting that courts have recognized "parties' strong interest in keeping their detailed financial information sealed" because the public has a "relatively minimal interest in [that] particular information") (citations omitted); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc.*, No. 97-3012, 1998 WL 186728, at *1 (E.D. La. Apr. 17, 1998) (maintaining exhibit under seal because the document contained sensitive and proprietary financial information about individual dealerships that, if unsealed, could cause commercial and competitive harm to such dealers).
[7] *Binh Hoa Le*, 990 F.3d at 419.
[8] *Doe v. Crawford*, 702 F. Supp. 3d 509, 513 (S.D. Miss. 2023) (citations omitted).
[9] *St. Charles-Guillot Inv., LLC v. One Source Roofing, Inc.*, No. 23-30, 2024 WL 5440833, at *2 (E.D. La. Oct. 21, 2024) (citations omitted).
[10] *Nixon,* 435 U.S. at 598 (quotation omitted).

redacted exhibit is appropriate insofar as same allows the public sufficient access to the substance of the exhibits while at the same time protecting the private information of non-parties.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff Goosehead Insurance Agency, LLC's *Ex Parte*/Consent Motion to Withdraw Exhibits and Replace with Partial Seal is GRANTED.

IT IS FURTHER ORDERED that the redacted exhibits attached at ECF No. 76-1 be filed in the public record as the exhibits to Plaintiff's Opposition Memorandum (ECF No. 69) with the unredacted version filed at ECF No. 76-2 added as exhibits to Plaintiff's Opposition Memorandum filed UNDER SEAL.

IT IS FURTHER ORDERED that, pursuant to Local Rule 5.6(d), the exhibits previously filed at ECF Nos. 70-2, No. 70-4, No. 70-6, No. 70-8, 70-10, 70-11, 70-12, 70-14, 70-16, 70-17, 70-19, 70-20, 70-22 and 70-24 be stricken and removed from the public record.

New Orleans, Louisiana, this 30th day of April 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

3