UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GOOSEHEAD INSURANCE AGENCY, LLC | * | CIVIL ACTION |
| | * | NO. 24-2146 |
| VERSUS | | |
| | * | SECTION "A" (2) |
| BEN R. GUILLORY, JR., ET AL. | | |

**ORDER AND REASONS**

Pending before me is a Motion to Compel filed by Plaintiff Goosehead Insurance Agency, LLC.  ECF No. 78.  Defendants Ben R. Guillory Jr. and Trenise Pittman filed an Opposition Memorandum and Plaintiff filed a Reply Memorandum.  ECF Nos. 86, 88.  Plaintiff requested oral argument in accordance with Local Rule 78.1, which this Court granted.  ECF Nos. 89, 90, 93.  The Court held oral argument on Tuesday, May 13, 2025, and took the matter under submission.  ECF No. 94.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion to Compel is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I.      BACKGROUND**

Plaintiff Goosehead Insurance Agency, LLC is a home, automobile, life, commercial, specialty, personal lines, and business insurance broker that operates a franchise model and awards franchise rights to third-party franchisees to develop and operate their own independent Goosehead insurance businesses within the Goosehead franchise system.  ECF No. 1 ¶¶ 32-33.  Franchisees provide insurance services to clients and procure insurance policies and plans through Goosehead's proprietary service systems, available only to Goosehead franchisees.  *Id.* ¶ 34.

Defendants Ben R. Guillory, Jr. and Trenise S. Pittman are insurance agents who formerly operated a Goosehead franchise. *Id.* ¶¶ 84-100.

Goosehead filed suit against Guillory, Jr., Pittman, Ben R. Guillory Sr., Guillory Pittman Insurance Agency, LLC and Value Insurance Agency, LLC alleging that Defendants operated a competing insurance business in violation of the franchise agreement and asserting claims for breach of contract, claims under the Defend Trade Secrets Act, unfair trade practices, and fraud. *Id.* ¶¶ 4-16, 177-207.  The Honorable Jay A. Zainey Jr. dismissed Goosehead's claims against Guillory Sr.  ECF No. 67.  The remaining Defendants answered and filed counterclaims for conversion, breach of contract, unfair trade practices, violations of uniform trade secrets act, and payment of a thing not due.  ECF No. 33.

Goosehead argues that it sought discovery regarding Defendants' customer lists and communications with customers, including cell phone and text records reflecting same.  ECF No. 78-1 at 3-5.  This Court has previously addressed Defendants' Motion to Quash involving cell phone and text logs and well as text message content.  ECF No. 83.  Goosehead argues that Defendants responded to written discovery with boilerplate objections, responded ambiguously and left Goosehead uncertain as to whether all responsive documents have been produced, and invoked privilege without providing a privilege log.  ECF Nos. 78; 78-1 at 6-9, 13-14; *see also* ECF No. 82-1.  During the Rule 37 conference, Defendants indicated they would produce all responsive documents and that they were not withholding any responsive documents except documents related to commercial policy information, but then provided supplemental responses that failed to respond.  ECF No. 78-1 at 10-12.

In Opposition, Defendants argue that a primary issue in this case is who owns the book of business that Defendants established before joining Goosehead and which they contend they had

no intention to transfer to Goosehead, and they are not refusing to provide information but were locked out of the Goosehead system and thus had great difficulty in responding to Plaintiff's premature discovery requests. ECF No. 86 at 1-2. Defendants contend that Goosehead continues to modify its requests, and they have properly objected and advised that they are not withholding any documents. *Id.* at 3-4. Defendants argue that Goosehead did not confer about Requests Nos. 2, 3 and 5, and as to No. 4, they responded that no documents exist and they cannot be compelled to produce documents that do not exist. *Id.* at 5. As to a current comprehensive customer list, Defendants contend that such a list does not exist and they would have to craft one, and Goosehead cannot now modify its request to seek multiple documents. *Id.* at 5-6.

In Reply, Goosehead asks the Court to intervene to require Defendants to fully identify customers (in response to Interrogatory Nos. 1 and 2), produce copies of communications with customers, produce a list of Value Agency customers, and produce a privilege log. ECF No. 88. Goosehead argues that Defendants' responses indicate they have not withheld information, but third-party discovery has confirmed that Defendants have not provided complete responses. *Id.* at 1-3. For example, Defendants identified twelve customers in their initial and supplemental responses to Interrogatory Nos. 1 and 2, but the third-party discovery identifies another nine customers. *Id.* at 2-3. When presented with these clients' identities, Defendants supplemented the earlier responses, suggesting that Defendants' prior responses were incomplete. Goosehead argues Defendants have not produced all communications as demanded and are playing games regarding customer lists by suggesting it demanded a single comprehensive list, after which Goosehead sent a fourth request to make clear that is seeks to learn the identities of customers, whether in one list or otherwise. *Id.* at 4-6. Goosehead also notes the continued absence of a privilege log. *Id.* at 6.

3

During argument, the parties advised that Defendants provided supplemental responses and additional documents on Friday, May 9, 2025, which included a 22-page list of customers with all names redacted because the list does not distinguish between property, flood or commercial customers. Defendants also provided a privilege log identifying only the 22-page customer list with all names redacted.

## II. APPLICABLE LAW

### A. Scope of Discovery

Rule 26 of the Federal Rules of Civil Procedure authorizes the parties to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). Rule 26(b)(2)(C) mandates that the Court limit the frequency or extent of discovery otherwise allowed, if it determines: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery had ample opportunity to obtain the information; or (3) the proposed discovery is outside the scope of Rule 26(b)(1).[1]

The relevancy evaluation necessarily begins with an examination of the pending claims and defenses.[2] The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[3] This broader scope is necessary given the nature of litigation, where determinations of relevance for discovery purposes are made well in

---

[1] FED. R. CIV. P. 26(b)(2)(C)(i)–(iii).
[2] *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, No. 02-3398, 2006 WL 378523, at *4 (E.D. La. Feb. 17, 2006) (Zainey, J.).
[3] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).

advance of trial. Facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[4] At the discovery stage, relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[5] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[6] If relevance is in doubt, the court should be permissive in allowing discovery.[7]

A fundamental issue in this case is a dispute over customers. Goosehead contends that all customers serviced by Defendants during the franchise relationship are subject to the non-solicitation provisions while Defendants contend that customers they brought with them when they joined Goosehead remain their customers. Whether a party will ultimately prevail is not the test for determining if it is entitled to discovery because discovery motions cannot be used to obtain dispositive rulings depriving a party of discovery concerning a claim it seeks to present at trial.[8] Indeed, the court does not determine the merits of the case in the context of a discovery dispute. Rather, the issue in context of a discovery dispute is whether the evidence sought falls within the scope of discovery (i.e., is relevant to any claim or defense), not whether one party's legal position prevails over another; that is a merits issue determined in the context of trial or dispositive motion.[9]

---

[4] *Id.* at 590 n.5 (citation and quotations omitted).
[5] *Id*. 590 (citations omitted).
[6] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (Morgan, J.) (citing *Merrill v. Waffle House, Inc*., 227 F.R.D. 467, 470 (N.D. Tex. 2005)).
[7] *E.E.O.C. v. Simply Storage Mgmt., L.L.C*., 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc*., 813 F.2d 1207, 1212 (Fed. Cir. 1987) (internal quotations omitted)).
[8] *Puradigm, LLC v. DBG Grp. Invs., LLC*, No. 23-216, 2023 WL 6883656, at *8 (N.D. Tex. Oct. 18, 2023) (citing *Cagle v. United Surgical Partners Int'l Inc*., No. 20-1681, 2021 WL 3710565, at *7 (N.D. Tex. Aug. 18, 2021)); *see also Randstad Gen. Partner (US), LLC v. Beacon Hill Staffing Grp., LLC*, No. 20-2814, 2021 WL 4319673, at *1 (N.D. Tex. Sept. 23, 2021) (noting that a party is not be excused from responding to discovery simply because the discovery is relevant to a claim on which the resisting party believes that he will or should prevail at trial).
[9] *See Chevron TCI, Inc. v. Cap. House Hotel Manager, LLC*, No. 18-776, 2019 WL 5697176, at *7-8 (M.D. La. Nov. 4, 2019).

B. <u>**Duties in Responding to Discovery**</u>

1. **Full and Complete Interrogatory Responses**

Discovery by interrogatory "requires candor in responding. . . . The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information. A partial answer by a party reserving an undisclosed objection to answering fully is not candid. It is evasive."[10] The fact that an interrogatory calls for a thorough response—one that will take time and effort to answer—does not make it improper.[11] Where an interrogatory answer "'as a whole disclose[s] a conscientious endeavor to understand the question[] and to answer fully [that question],' a party's obligation under Rule 33 is satisfied."[12]

Rule 33 requires a party to pull together complete answers by "reviewing all sources of responsive information reasonably available to [it] and providing the responsive, relevant facts reasonably available."[13] Thus, while a party is not required to make an extensive investigation in responding to an interrogatory, the party must review all sources of responsive information reasonably available and provide the responsive, relevant facts reasonably available.[14]

Interrogatories must be answered separately, in writing and under oath. Fed. R. Civ. P. 33(b)(3). Verified interrogatory responses have evidentiary value. *Id.* at 33(c). "[I]nterrogatories serve not only as a discovery device but as a means of producing admissible evidence; there is no better example of an admission of a party opponent, which is admissible because it is not hearsay

---

[10] *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616–17 (5th Cir. 1977).
[11] *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) (citing *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 307–08 (5th Cir. 1973)).
[12] *Id.* (quoting *Meltzer/Austin Rest. Corp. v. Benihana Nat'l. Corp.*, No. 11–542, 2013 WL 2607589, at *3 (W.D. Tex. June 10, 2013) (quoting 8B WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2177 (3d ed. 2010))).
[13] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 579 (N.D. Tex. 2018) (citation omitted).
[14] *Areizaga*, 314 F.R.D. at 437 (citing 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2174 (3d ed. 2013)).

(FED. R. EVID. 801(d)(2)), than an answer to an interrogatory."[15] Interrogatory responses that are not signed under oath as required are not admissible as evidence to establish lying under oath (or for any other purpose).[16]

2. **Responses to Requests for Production**

Rule 34 authorizes a party to request another party to produce documents or items within that party's possession, custody or control. Fed. R. Civ. P. 34(a)(1). The request must describe each item or category of items with "reasonable particularity." *Id.* at 34(b)(1)(A). The party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld.[17]

The responding party must produce responsive documents not only that are within that party's actual, physical possession, but also documents that are within the party's constructive possession, custody or control. FED. R. CIV. P. 34(a)(1). A party has "control" over documents or materials that it has the legal right or practical ability to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty.[18] Thus, "possession, custody, and control" does not simply contemplate physical and actual possession, but rather whether the responding party could come into possession of the requested document.[19]

---

[15] *Melius v. Nat'l Indian Gaming Comm'n*, No. 98–2210, 2000 WL 1174994, at *1 (D.D.C. July 21, 2000); *accord Walls v. Paulson*, 250 F.R.D. 48, 52 (D.D.C. 2008).
[16] *Wagner v. Boh Bros. Constr. Co.*, No. 11-2030, 2012 WL 3637392, at *4 (E.D. La. Aug. 22, 2012) (collecting cases).
[17] *Lopez*, 327 F.R.D. at 580 (citation omitted).
[18] *Becnel v. Salas*, No. 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018) (citations omitted); *Est. of Monroe v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) (citation omitted).
[19] *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4905796, at *3-4 (E.D. La. Jan. 15, 2020) (citing *Becnel*, 2018 WL 691649, at *3 ("Rule 34's definition of possession, custody, or control, includes more than actual possession

Rule 34 allows a party to request permission to "inspect, copy, test, or sample . . . electronically stored information." FED. R. CIV. P. 34(a)(1)(A). Granting a party access to an opponent's electronic information system, however, is highly intrusive and "may raise issues of confidentiality or privacy."[20] While direct access to a party's ESI might be justified in some circumstances, Rule 34(a) is "not meant to create a routine right of access," and courts should "guard against undue intrusiveness."[21]

Heeding this guidance, courts are cautious about ordering inspections of electronic databases, particularly where the request is overly broad and where the connection between the party's claim and the computer is vague and unproven.[22] Courts will grant direct access to a party's electronic device upon a showing that the responding party has "somehow defaulted in its obligation to search its records and produce the requested data"[23] or "the responding party's production 'has been inadequate and that a search of the opponent's [electronic storage device] could recover deleted relevant materials.'"[24]

---

or control of [documents]; it also contemplates a party's legal right or practical ability to obtain [documents] from a [non-party] to the action")).

[20] FED. R. CIV. P. 34(a) advisory committee's notes to 2006 amendment.

[21] *Id*.

[22] *A.M. Castle & Co. v. Byrne*, 123 F. Supp. 3d 895, 900 (S.D. Tex. 2015) (collecting cases) (holding former employer not entitled to court-supervised forensic inspection of former employee's and new employer's electronic devices).

[23] *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 317 (Tex. 2009) (applying federal case law and collecting federal cases wherein courts have addressed direct access to electronic storage devices); *see also NOLA Spice Designs, LLC v. Haydel Enters., Inc.*, No. 12-2515, 2013 WL 3974535, at *3 (E.D. La. Aug. 2, 2013) (denying access to forensic computer examination where responding party had not willfully defaulted on its discovery obligations); *John Crane Grp. Corp. v. Energy Devices of Tex., Inc.*, No. 14-178, 2015 WL 11089486, at *3 (E.D. Tex. Feb. 2, 2015) (granting protective order and denying request for mirror imaging of responding party's devices where there was no evidence of responding party's refusal to produce all documents responsive to discovery requests); *Ameriwood Indus., Inc. v. Liberman*, No. 06-524, 2006 WL 3825291, at *1 (E.D. Mo. Dec. 27, 2006), *as amended on clarif'n*, 2007 WL 685623 (E.D. Mo. Feb. 23, 2007) (permitting mirror image search by independent expert where it was questionable whether defendants had produced all responsive documents).

[24] *Weekley Homes*, 295 S.W.3d at 317 (quoting *Diepenhorst v. City of Battle Creek*, No. 05-734, 2006 WL 1851243, at *3 (W.D. Mich. June 30, 2006)); *see also Balfour Beatty Rail, Inc. v. Vaccarello*, No. 06-551, 2007 WL 169628, at *3 (M.D. Fla. Jan. 18, 2007) (denying access to responding party's hard drives where requesting party failed to demonstrate responding party's non-compliance with its discovery duties).

In determining whether to permit inspection of electronic databases, courts apply the proportionality limitations applicable to all discovery under Rule 26(b)(2)(C) to consider whether the discovery sought by is unreasonably cumulative or duplicative or that could be obtained from some more convenient, less burdensome or less expensive source, or the benefit of which is outweighed by its burden or expense, when considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake and the importance of the proposed discovery to those issues.[25]

A party responding to a Rule 34 request must either produce documents "as they are kept in the usual course of business" or "must organize and label them to correspond to the categories in the request." FED. R. CIV. P. 34(b)(2)(E)(i).  Regardless of which option is taken, Rule 34 requires the producing party to turn over the documents "in an organized, comprehensible arrangement—either by specifically indexing each document to the request to which it was responsive, or, failing that, by turning over the documents with the business's filing system or other organizational structure still intact and useable by the requesting party."[26]  A party cannot invoke Rule 34's "usual course of business exception" if that party's record-keeping system is "so deficient as to undermine the usefulness of the production."[27]

---

[25] *NOLA Spice Designs*, 2013 WL 3974535, at *2.
[26] *United States v. Bollinger Shipyards, Inc.*, No. 12-920, 2015 WL 13529562, at *3 (E.D. La. Apr. 13, 2015) (Vance, J.) (quoting *Anderson Living Tr. v. WPX Energy Prod., LLC*, 298 F.R.D. 514, 522 (D.N.M. 2014); and citing *SEC v. Collins & Aikman Corp*., 256 F.R.D. 403, 411 (S.D.N.Y. 2009) ("The key to this dichotomy is the assumption that in either case the documents will be organized . . . .")).
[27] *Id*. (quoting *Mizner Grand Condo. Ass'n, Inc. v. Travelers Prop. Cas. Co. of Am.*, 270 F.R.D. 698, 700 (S.D. Fla. 2010) (citing *Pass & Seymour, Inc. v. Hubbell Inc.*, 255 F.R.D. 331, 336 n.2 (N.D.N.Y. 2008)); *Armor Screen Corp. v. Storm Catcher, Inc.,* No. 07-81091, 2009 WL 291160, at *2 (S.D. Fla. Feb. 5, 2009) (holding that party exercising option to produce records as kept in the usual course of business must organize them in a manner that enables the requesting party to obtain, with reasonable effort, the documents responsive to their requests).

Of course, the court cannot compel a party to produce documents that do not exist.[28] And a party's mere disbelief or disagreement with a response is not a recognized ground for compelling discovery, "absent some indication beyond mere suspicion that the response is incomplete or incorrect;" nor is a requesting party's belief, without evidence, that the responding party's production is not complete grounds for compelling production.[29] This is not a situation involving only a party's disbelief. Rather, in Goosehead's filings and argument, it has persuasively shown, including through the documents obtained from third party discovery, that Defendants had additional responsive materials that they did not timely produce and represented did not exist.

Control of discovery is committed to the sound discretion of the trial court.[30] If a court has concerns about the reasonableness of a party's efforts in responding to discovery, the court may require the party to certify the manner and completeness of its production.[31] Thus, when a party or counsel represents that documents do not exist, the court may require a certification or "confirm[ation]" that the discovery at issue does not exist.[32] If the other party has or acquires

---

[28] *Butler v. La. Dep't of Pub. Safety & Corr.*, No. 12-420, 2014 WL 3867552, at *1 (M.D. La. Aug. 6, 2014); *accord. Payne v. Forest River, Inc.*, No. 13-679, 2015 WL 1912851, at *4 (M.D. La. Apr. 22, 2015) ("The court cannot order the production of documents that no longer exist or, despite a diligent search, cannot be found in the possession, custody, or control of a party."); *Callais v. United Rentals N. Am., Inc.*, No. 17-312, 2018 WL 6517446, at *7 (M.D. La. Dec. 11, 2018) (same); *Terral v. Ducote*, No. 15-2366, 2016 WL 5017328, at *2 (W.D. La. Sept. 19, 2016) (same).
[29] *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 420 (N.D. Tex. 2021) (cleaned up).
[30] *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009).
[31] *See, e.g., Ramirez v. Cnty. of Marin*, No. 10-2889, 2011 WL 1522347, at *1 (N.D. Cal. Apr. 20, 2011) ("This order sets a deadline for Finnegan to certify completion of his document production . . . ."); *Who Dat Yat Chat, LLC v. Who Dat, Inc.*, No. 10-3333, 2011 WL 4018320, at *4 (E.D. La. Sept. 9, 2011) (ordering "a written certification" regarding the efforts made "to identify and extract" responsive electronically stored information); *Gibson v. City of Louisville Metro*, No. 09-685, 2011 WL 1827484, at *1 (W.D. Ky. May 12, 2011) (dismissing case because party failed to comply with court's "order to certify completed discovery").
[32] *Nguyen v. La. State Bd. of Cosmetology*, No. 14-80, 2016 WL 67253, at *2 (M.D. La. Jan. 5, 2016) (requiring plaintiff to "confirm that the requested information does not exist"); *see also Callais*, 2018 WL 6517446, at *7 (ordering qualified representative to provide a sworn certification that no responsive documents exist); *Brookshire v. Jackson Pub. Schs.*, No. 13-772, 2015 WL 11018443, at *1 (S.D. Miss. May 8, 2015) ("If the document does not exist, then Defendants are to certify that the document does not exist."); *Beasley v. First Am. Real Est. Info. Servs., Inc.*, No. 04-1059, 2005 WL 1017818, at *4 (N.D. Tex. Apr. 27, 2005) ("[D]efendant is entitled to an unequivocal representation . . . that the documents specified in this request for production do not exist.").

evidence that the response is incomplete or that the affidavit or representation is false, then other remedies may be sought by motion.[33]

### 3. Objections Must be Stated with Specificity

A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld.[34] The party objecting must state how the objection "relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'"[35] Any objection must clearly state how the information sought is not relevant to any claim or defense, or how the request is overbroad, burdensome or oppressive.[36]

When a party objects to a request for production, the "objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C).[37] Objections interposed without also indicating whether any document or information is being

---

[33] *Henderson v. Compdent of Tenn., Inc*., No. 97-617, 1997 WL 756600, at *1 (E.D. La. Dec. 4, 1997) (denying motion to compel based on representation that documents that do not exist and noting other remedies are available if representation is untrue).
[34] *Lopez*, 327 F.R.D. at 580 (citation omitted).
[35] *Cheshire v. Air Methods Corp*, No. 15-933, 2015 WL 7736649, at *2 (W.D. La. Nov. 30, 2015) (quoting *Reyes v. Red Gold, Inc.*, No. 05-191, 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006)).
[36] *Chevron Midstream Pipelines v. Settoon Towing, LLC*, Nos. 13-2809, 13-3197, 2015 WL 269051, at *3 (E.D. La. Jan. 20, 2015) (noting objections are boilerplate and insufficient if they merely state "the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond.") (citation omitted).
[37] *accord. Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex.), *objections overruled sub nom. Orchestratehr, Inc. v. Trombetta*, No. 13-2110, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).

withheld are improper.[38]  Responses must also clearly state whether any responsive materials are being withheld and the specific basis for objecting and not producing same.[39]

Courts throughout the country have long interpreted the federal rules to prohibit general, boilerplate objections.[40]  Boilerplate objections use standardized, ready-made or all-purpose language without regard to the particular discovery request.[41]  General objections refer to objections that a party responding to discovery asserts as applicable to multiple individual requests set forth in a given set of discovery requests.[42]  A general objection untethered to specific requests (and is thus also a boilerplate objection) is improper.[43]  Merely copying and pasting an objection by itself, however, does not render an objection a boilerplate objection.[44]  Likewise, in some instances, general objections may serve as an efficient response whereby the court may consider and rule upon general objections raised against sets of interrogatories or requests for production.[45]  To serve this purpose and to comply with the Federal Rules of Civil Procedure, however, the

---

[38] *See Chevron*, 2015 WL 269051 at *4 (holding that objections fall woefully short of objecting party's burden when party objected to documents and information protected by privilege but did not describe whether any documents were withheld or the nature of withheld documents).
[39] *Id*. (citation omitted) ("Objections that fail to provide an appropriate basis make it difficult for the parties to even informally discuss any alleged defects in a discovery request or response in hope of fixing the defects.").
[40] *See, e.g.*, *id.* at *3 (noting that an objection is boilerplate and insufficient "when it merely states the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond.") (citation omitted); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485–86 (5th Cir. 1990) (simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how . . . each [request] is not relevant or how each question is overly broad, burdensome or oppressive" is inadequate to "voice a successful objection.").
[41] *See Tim Long Plumbing, Inc. v. Kinsale Ins. Co*., No. 20-42, 2020 WL 6559869, at *3 (E.D. Tex. Nov. 9, 2020) (providing examples for boiler plate language, such as "Defendant objects to this Request, as it is overly broad and vague" and "Defendant objects to this Request to the extent it seeks discovery of information that is irrelevant and not proportional to the needs of the case.").  Objections are deemed "boilerplate" when they are identical and not tailored to the specific discovery request.  *Amazing Ins., Inc. v. DiManno*, No. 19-1349, 2020 WL 5440050, at *5 (E.D. Cal. Sept. 10, 2020) (citation omitted).
[42] *Grider v. Keystone Health Plan Cent., Inc*., 580 F.3d 119, 134 n.16 (3d Cir. 2009).
[43] *See DL v. Dist. of Columbia*, 251 F.R.D. 38, 43 (D.D.C. 2008) (citation omitted) ("When faced with general objections, the applicability of which to specific document requests is not explained further, this Court will not raise objections for the responding party, but instead will overrule the responding party's objections on those grounds." (internal quotations omitted)).
[44] *Tim Long Plumbing*, 2020 WL 6559869, at *4.
[45] *Pulsecard, Inc. v. Discover Card Servs., Inc*., 168 F.R.D. 295, 304 (D. Kan. 1996) (citations omitted).

general objections must raise specific objections and correspond to specific discovery requests.[46] Where a general objection is connected both to the facts of the case and specific discovery requests, they are proper; when they are disconnected from either the facts or the discovery requests, they are improper.[47]

## III. ANALYSIS

Plaintiff failed to attach Defendants' original discovery responses, which appear to have included a section entitled "General Objections" and are incorporated by reference into the supplemental responses. ECF No. 82-1 at 1, 6, 13, 17. Regardless, however, a paragraph preceding specific discovery requests and captioned "General Objections" most likely fails to satisfy the specificity requirements for objections required by Rules 33(b)(4) and 34(b)(2)(B). The "General Objections" are thus overruled, and any response made in reliance on same must be supplemented.

Defendants also include vagueness and ambiguity objections in particular responses. *See, e.g.*, ECF No. 82-1 at 2-3. Although these objections are repeated throughout, the objections are not "general objections" because they are tethered to particular requests and explain how Defendants believe the requests are vague and ambiguous. Thus, the objections are not improper general objections. The objections are overruled, however, on the merits. A fundamental issue in this case is whether Defendants improperly solicited former customers to their new agency after

---

[46] *Dickey v. Apache Indus. Servs., Inc.*, No. 18-572, 2019 WL 4261117, at *3 (M.D. La. Sept. 9, 2019) (collecting cases); *see Hall v. Louisiana*, No. 12-657, 2014 WL 2560579, at *1 (M.D. La. June 6, 2014) ("Defendants initially gave general objections applicable to all of Plaintiff's discovery requests. But critically, after providing their general objections, Defendants addressed each and every discovery request individually, making specific objections before providing detailed and informative responses, notwithstanding those objections.").

[47] Likewise, the practice of responding to discovery requests "subject to" and/or "without waiving" objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure. *Heller v. City of Dall.*, 303 F.R.D. 466, 486–87 (N.D. Tex. 2014) (citations omitted). Such an objection paired with a response "preserves nothing and serves only to waste the time and resources of both the Parties and the Court." *Id.* at 487 (citation omitted). To the extent any response or production is done "subject to" or "without waiving" objections other than privilege or work product, such objections are waived. *Id.* at 488.

13

leaving Plaintiff's franchise. Identification of Defendants' customers are critical to the resolution of that issue. And if Defendants do not maintain records in a manner that enables them to fully and completely answer the questions as to customers for property and flood insurance only, they must identify all customers so that Plaintiff can discern whether it had any relationship with same.

As previously explained, although case law recognizes that a party has a personal interest in cell phone records, discovery is allowed where cell phone call logs or text logs (i.e., records of incoming and outgoing calls and text messages, including the date, time, and length of each call made and received) are relevant to the claims or defenses. Thus, as previously ruled, Defendants' cell phone and text logs are discoverable. Because Plaintiffs have issued subpoenas duces tecum to the carriers and have received some documents and are awaiting the remaining documents, Plaintiff's motion to compel this same information from Defendants is denied as cumulative/duplicative and thus unnecessary.

As to text messages, however, Plaintiff has explained that the carriers deny having content of text messages. Thus, Defendants must produce copies of any text messages or email messages with any customer serviced while affiliated with Plaintiff or after the end of the franchise relationship. If Defendants contend they no longer have same, they must provide a certification that sets forth, in specific detail, their efforts to locate same and include a sworn verification that such records no longer exist.

Finally, Defendants' privilege objection in relation to the 22-page customer list, dated 2022, produced in redacted form is overruled. Defendants are not entitled to redact every customer name because they cannot distinguish between commercial versus property or flood customers. The document must be produced in unredacted form but may be marked confidential under the

terms of the protective order. If Defendants' business records enable it to produce a list of customers reflecting only the flood and property customers, they may opt to produce that list.

## IV.  CONCLUSION

After considering the briefing and argument, the Court is persuaded that Defendants have not reviewed all sources of responsive information reasonably available to them and provided the responsive, relevant facts to Goosehead. Indeed, it inconceivable that Defendants do not have records (including ESI) that enable them to identify all customers serviced from January 1, 2024 to date. If Defendants' records are maintained in such a manner that they cannot distinguish between types of insurance sold to its customers, then Defendants must produce an entire list of customers so that Goosehead may discern whether Defendants' services to any customer implicates its non-solicitation provision.

Likewise, Defendants will be required to provide supplemental responses to requests for production of documents. In addition, Defendants must include a certification that they have conducted a diligent search and specify the efforts made to locate responsive documents and ESI regarding their customers' identities, including whose ESI was searched, the parameters of the search that was undertaken, the date ranges for the searches, and any search terms applied. Defendants need not, however, provide cellphone and text logs as same is cumulative of the discovery obtained by Plaintiffs from the carriers nor must Defendants provide a supplemental response to Request for Production No. 16 as same is cumulative of the information provided in response to Interrogatory No. 1.

Accordingly, for the foregoing reasons,

IT IS ORDERED that the Motion to Compel is GRANTED IN PART AND DENIED IN PART as stated herein.

IT IS FURTHER ORDERED Defendants must serve supplemental responses providing full and complete answers to Interrogatory Nos. 1 and 2 and supplemental responses to Requests for Production Nos. 1, 2 (limited to January 1, 2024 to date), 3, and 6 by Tuesday, May 20, 2025.

New Orleans, Louisiana, this ___14th___ day of May, 2025.

                                                _____
                                                           DONNA PHILLIPS CURRAULT
                                                           UNITED STATES MAGISTRATE JUDGE